UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **MARGIE VINCENT,**<br>　　　Plaintiff,<br><br>v.<br><br>**FAMILY DOLLAR STORES OF ALABAMA, LLC,**<br>　　　Defendant. | **Case No. 1:24-cv-1250-CLM** |

## MEMORANDUM OPINION

Margie Vincent asks the court to remand the case she filed in state court over unpaid wages from Family Dollar Stores of Alabama, LLC ("Family Dollar"). (Doc. 6). For the reasons below, the court **GRANTS IN PART AND DENIES IN PART** Vincent's motion:

- The court remands Count I (worker's comp); and
- The court retains jurisdiction over Count II (FLSA).

## BACKGROUND

1. <u>The facts</u>: Margie Vincent worked as an employee at Family Dollar in Talladega, Alabama. While moving merchandise inside Family Dollar's storage warehouse, Vincent injured her back, leaving her incapacitated and unable to work.

2. <u>The lawsuit</u>: Ms. Vincent sues Family Dollar for unpaid wages. In Count I, she sues Family Dollar for worker's compensation. In Count II, she sues Family Dollar for failure to pay wages for her previous work. (Doc. 1-1).

Family Dollar removed the case to federal court (doc. 1), and Ms. Vincent now asks the court to remand (doc. 6).

## STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. Only cases that originally could have been filed in federal court may invoke this court's jurisdiction through removal from a state court. *E.g.*, 28 U.S.C. § 1441(a); *Burns v. Windsor Ins.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The "removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319–20 (11th Cir. 2001)). In analyzing whether the defendant has carried that burden, the "removal statutes are construed narrowly" and "uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095 (citation omitted).

## DISCUSSION

The court must sever and remand Count I and keep Count II.

### A. Count I (Worker's Compensation)

Vincent's worker compensation claim against Family Dollar arises under Alabama's worker's compensation law. *See generally* Ala. Code § 25-5-1. But worker's compensation claims are generally not removable. 28 U.S.C. § 1445(c); *Reed v. Heil Co.*, 206 F.3d 1055, 1049 (11th Cir. 2000). So the court must sever and remand this claim.

### B. Count II (Federal Labor Standards Act Wage Violation)

Count II alleges a violation under the Federal Labor Standards Act Wage Violation. Because the court has jurisdiction over the FLSA claim, it will follow the Eleventh Circuit's accepted practice of severing and remanding worker's compensation claims while retaining jurisdiction over unrelated claims properly before the court. *See generally Reed*, 206 F.3d 1055; *Stassi v. Dollar Tree Stores, Inc.*, No. 4:22-cv-1596, 2023 WL 3956168 (N.D. Ala. June 12, 2023); *Yates v. Eastdale Apartments Ltd. P'ship*, No. 2:21-cv-615-ECM, 2022 U.S. Dist. LEXIS 142445, at *6 (M.D. Ala. Aug. 10, 2022); *Shields v. Georgia-Pac, LLC,* No. 16-263-WS-N, 2016 WL 3963045, at *2 (S.D. Ala. July 21, 2016); *Steel v. Viscofan USA, Inc.*, No. 2:16-cv-808-GMB, 2017 WL 253960, at *2 (M.D. Ala. Jan 19, 2017); *Logan v. McKinney Drilling, LLC*, No: 1-20-cv-268-JB-MU, 2021 WL 354462, at *9 (S.D. Ala. Feb. 2, 2021).

## CONCLUSION

For the reasons explained above, the court **GRANTS IN PART AND DENIES IN PART** Vincent's motion to remand. (Doc. 6). The court severs and remands Count I. The court keeps Count II against Family Dollar Stores of Alabama, LLC.

**DONE** and **ORDERED** on July 16, 2025.

_/s/ Corey L. Maze_
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE