UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

**MARGIE VINCENT,**
    Plaintiff,

v.                                                              Case No. 1:24-cv-1250-CLM

**FAMILY DOLLAR STORES
OF ALABAMA, LLC,**
    Defendant.

## MEMORANDUM OPINION

Margie Vincent worked for a Family Dollar store in Talladega, Alabama. While lifting a store item, Vincent injured her back, leaving her incapacitated and unable to work. Vincent sued Family Dollar Stores of Alabama, LLC ("Family Dollar") for worker's compensation and unpaid wages under the Fair Labor Standards Act. In its recent order, the court severed the worker's compensation claim and remanded it to state court. So Vincent's sole remaining claim is a violation of the FLSA.

While employed, Vincent signed a form consenting to the arbitration of any legal dispute between her and the company. Family Dollar asks the court to enforce that agreement and compel arbitration. (Doc. 5). For the reasons stated within, the court **GRANTS** Defendant's motion to compel arbitration of Vincent's claim against them.

## BACKGROUND

Family Dollar operates retail stores throughout Alabama, including the Talladega, Alabama store where Vincent worked. Family Dollar's new employment applications are managed online through its website, where applicants apply electronically.

Vincent applied to work for Family Dollar in December 2020. As part of her new employee onboarding process, Vincent electronically signed various

1

release and consent forms, including a written Arbitration Agreement ("the Agreement"). The Agreement starts like this:

> The Parties recognize that disputes may arise between them. By entering into this Agreement, the Parties mutually agree to waive their right to a trial before a judge or jury in court (except as provided below), and Associate waives any right to bring or participate in class or collective actions. In exchange, the Parties anticipate gaining the benefits of individual arbitration as a final and binding dispute-resolution procedure.

(Doc. 5-1, p. 10). The Agreement also provides the scope of the arbitrable claims, including "all claims or controversies arising out of or related to Associate's … employment or its termination", shown below:

> 1. **Agreement to Arbitrate:** Except as otherwise provided in this Agreement, the Parties agree to resolve by arbitration all claims or controversies arising out of or related to Associate's application for employment, offer or denial of employment, prospective employment, employment or its termination, and/or related to or arising out of acts or omissions occurring on Company's premises, at Company events or on Company travel, that the Company may have against Associate or that the Associate may have against any of the following: (a) the Company, (b) its officers, directors, employees, or agents, (c) the Company's benefit plans or the plans' sponsors, fiduciaries, administrators, affiliates, and agents, and/or (d) all successors and assigns of any of them; and, where Associate asserts a claim against any Company officer, director, employee or agent ("co-defendant"), claims that any such co-defendant may have against Associate. Each of the individuals/entities listed above may enforce this Agreement.

(*Id.*) There is no dispute Vincent signed the Agreement.

ASSOCIATE (electronically signed)

Associate Name: Margie Vincent
Associate Signature: Electronically Signed on 02/17/2021 11:07 AM ET
Date: 02/17/2021

## STANDARD OF REVIEW

The court should treat motions to compel arbitration like motions for summary judgment. *In re Checking Account Overdraft Litig.*, 754 F.3d 1290, 1294 (11th Cir. 2014). Summary judgment is appropriate only when the moving party shows there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is material if it is one that might affect the outcome of the case. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). And all

evidence must be viewed and inferences drawn in the light most favorable to the nonmovant. *Centurion Air Cargo, Inc. v. United Parcel Serv. Co.*, 420 F.3d 1146, 1149 (11th Cir. 2005).

## DISCUSSION

The Federal Arbitration Act ("FAA") provides that any arbitration provision in a written "contract evidencing a transaction involving commerce…shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. This provision "reflect[s] both a liberal federal policy favoring arbitration, and the fundamental principle that arbitration is a matter of contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). Following these policies, "courts must place arbitration agreements on equal footing with other contracts and enforce them according to their terms." *Id*.

When determining whether to grant a motion to compel arbitration, this court must "consider: (1) whether there is a valid agreement to arbitrate; and (2) whether the dispute in question falls within the scope of that agreement." *Carusone v. Nintendo of Am., Inc.*, No. 5:19-CV-01183-LCB, 2020 WL 3545468, at *3 (N.D. Ala. June 30, 2020) (quoting *Scurtu v. Int'l Student Exch.*, 523 F. Supp. 2d 1313, 1318 (S.D. Ala. 2007)).

In response to Family Dollar's motion to compel, Vincent consents to her FLSA claim being compelled to arbitration. (Doc. 10, p. 2). So the court finds arbitration to be appropriate. To be sure, the court also finds a valid arbitration agreement exists and Vincent's FLSA claim is covered by the arbitration agreement.

## **CONCLUSION**

For the reasons stated above, the court will **GRANT** Family Dollar's motion to compel arbitration (doc. 10) and **STAY** the FLSA claim against Family Dollar under Section 3 of the Federal Arbitration Act, 9 U.S.C. § 3.

The parties must inform the court when arbitration has begun. When they do, the court will dismiss the claim against Family Dollar without prejudice. The dismissal of the claims will allow Vincent or Family Dollar to refile this case, to confirm, vacate, or modify any arbitration award.

**DONE** and **ORDERED** on July 16, 2025.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE

4